**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CIARA GRAHAM,<br>individually and on behalf of all<br>similarly situated persons, )<br> )<br> )<br> )<br> )<br>                    PLAINTIFF, )<br> )<br>V. )<br> )<br>CAPITAL ON DEMAND INC., )<br>MARCUS TENNEY, and )<br>REUNEKIEA WILLIAMS, )<br> )<br>                    DEFENDANTS. | Civil Action No.:<br>_____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Ciara Graham ("Plaintiff"), by and through the undersigned attorneys, brings this collective action against Defendants Capital On Demand Inc. ("COD" or "Corporate Defendant"), Marcus Tenney ("Tenny"), and Reunekiea Williams ("Williams" or collectively "Defendants") for failure to pay Plaintiff and all similarly situated persons minimum wage as required by the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and at a rate of one-and-one-half their regular rate of pay for all hours worked in excess of 40 hours per week.  Plaintiff shows the Court as follows:

## NATURE AND PURPOSE

1.     Plaintiff alleges on behalf of herself and other current and former non-exempt employees who worked for Corporate Defendant as Private Loan Associates within the statutory period and who choose to opt into this action pursuant to the FLSA, 29 U.S.C § 216(b) (the "Collective Action"), that Plaintiff and the persons who opt into this Collective Action were improperly classified as independent contractors and are, *inter alia*, entitled to unpaid federal minimum wage, unpaid overtime wages for time they worked in excess of 40 hours per week and Defendants failed to pay them at one-and-a-half their regular rate, liquidated damages, interest, and attorneys' fees and costs.

2.     Plaintiff's Consent to Join is attached hereto as Exhibit A.

## PARTIES

3.     Plaintiff is a resident of the state of Georgia and submits herself to the jurisdiction of the Court.

4.     Corporate Defendant is a for-profit Georgia corporation with its principal place of business located at 3445 Peachtree Road N.E., Atlanta, GA 30326.

5.     Corporate Defendant may be served with process through its Registered Agent, Marcus Tenney, 1275 Trenton Street, Atlanta, GA 30316.

2

6.    Tenney may be served at Corporate Defendant's office.

7.    Williams may be served at Corporate Defendant's office.

8.    At all relevant times, Corporate Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201 *et seq.*

9.    At all relevant times, Corporate Defendant has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A) because it "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have ben moved in or produced for commerce by any person."

10.    On information and belief, at all relevant times, Corporate Defendant has had an annual gross volume of sales or business done in excess of $500,000.

11.    At all relevant times, Corporate Defendant has had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

12.    At all relevant times, Corporate Defendant was an "employer" of Plaintiff and other similarly situated persons as that term is defined by 29 U.S.C. § 203(d).

13.     Corporate Defendant is governed by and subject to 29 U.S.C. § 206 and 29 U.S.C. § 207.

14.     Tenney owns and operates Corporate Defendant.  Tenney acts directly or indirectly on behalf of Corporate Defendant and exercises day-to-day control over the operations and pay practices of Corporate Defendant.  Tenney is an employer within the meaning of the FLSA.

15.     Williams owns and operates Corporate Defendant.  Williams acts directly or indirectly on behalf of Corporate Defendant and exercises day-to-day control over the operations and pay practices of Corporate Defendant.  Williams is an employer within the meaning of the FLSA.

## JURISDICTION AND VENUE

16.     This Court has federal question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1343.

17.     Pursuant to 28 U.S.C. § 1391(b), 42 U.S.C. § 2000e-5(f)(3) and Local Rule 3.1(B)(3), venue is proper because the unlawful employment practices giving rise to the Plaintiff's claims occurred in this judicial district and division.

## FACTUAL ALLEGATIONS

18.     Plaintiff was employed by Corporate Defendant from September 2021 until March 2022 as a Private Loan Associate.

19.     Private Loan Associates are responsible for completing all paperwork and processes related to the closing of a loan.  Specifically, their job duties include, but are not limited to, reviewing loan documents to ensure that they are complete and accurate according to policy, overseeing loan files from onboarding to closing, obtaining and compiling loan applicants' credit histories, corporate financial statements, and other financial information, and analyzing applicants' financial status, credit, and property evaluations to determine feasibility of granting loans.

20.     Defendants misclassified Plaintiff—and all other similarly situated Private Loan Associates—as independent contractors rather than employees and did not pay them the federal minimum wage and/or one-and-one-half their regular rate for all hours worked in excess of 40 hours per week.

21.     Defendants directly and indirectly controlled the employment relationship.

22.     Plaintiff—like all Private Loan Associates—was asked to sign a "PLA Contractual Agreement" at the time of her hire.

23.     The PLA Contractual Agreement states that the Private Loan Associate "shall not engage in any other employment during the term of this agreement."

24.     The PLA Contractual Agreement also states that Private Loan Associates are to be compensated a flat amount per loan closed and that Private Loan Associates only get credit for the loan when the loan is funded.

25.     The PLA Contractual Agreement states that "[t]argeted variable compensation for the full year is $65,000."

26.     However, Plaintiff, and on information and belief, all Private Loan Associates, did not come anywhere near that compensation.

27.     For example, Plaintiff received a total of $4,000 in compensation for the 28 weeks she worked for Defendant.

28.     Plaintiff—like all other Loan Associates—was also asked to sign a non-solicitation and non-compete agreement at the time of her hire.

29.     Private Loan Associates were given very clear directions on how to handle loan transactions and went through training provided by Defendants.

30.     The training was required and was not paid.

31.     Plaintiff had no prior experience handling loan transactions.

32.     Defendants assigned loans to Private Loan Associates unilaterally.

33.     Moreover, every Tuesday there was a mandatory meeting that Defendants required all Private Loan Associates to attend.   Defendants would

threaten termination or reassignment of loans if the Private Loan Associates did not attend the mandatory meeting.

34.   In fact, Plaintiff was terminated because she missed one of these mandatory meetings.

35.   Additionally, Private Loan Associates were subject to a number of "mandatory requirements" detailing exactly how files should be maintained, how communication regarding absences should be handled, and how tasks should be completed.

36.   In addition, Private Loan Associates were subject to weekly file assessments.

37.   Private Loan Associates were required to be at their desk working Monday through Friday 9AM to 6PM and on call at all hours of the day and night.

38.   Private Loan Associates also worked on the weekends including, but not limited to, taking phone calls and responding to text messages.

39.   Private Loan Associates had access to their work email, text messages, and phone, through their personal cell phones.

40.   Plaintiff regularly worked 55 to 60 hours per workweek, and well in excess of 40 hours per workweek.

41.     On information and belief, other Private Loan Associates worked in excess of 40 hours per workweek.

42.     The pay by loan method of compensation was unlawful as it did not come anywhere near the federal minimum wage and failed to pay Private Loan Associates at a rate of one-and-one-half their regular rate of pay for all hours worked in excess of 40 hours per workweek.

43.     By way of example, Plaintiff worked for Defendants for approximately 28 weeks where she was working 55 to 60 hours per week and received a total of $4,000 in compensation.

44.     Defendants regularly, and as a routine policy and practice, failed to pay Plaintiff and other Private Loan Associates the federal minimum wage and/or at a rate of one-and-one-half their regular rate of pay for all hours worked in excess of 40 hours per workweek.

45.     Defendants required, encouraged, and knowingly permitted Plaintiff and other Private Loan Associates to work below the federal minimum wage and to work overtime hours, and failed to pay Plaintiff and other Private Loan Associates the required minimum wage and overtime premium pay at the legally required rate when they worked overtime hours.

46.     Defendants were, or should have been, aware that the FLSA requires them to pay non-exempt employees the minimum wage and overtime wages at a rate of one-and-one half their regular rate of pay for all time worked in excess of 40 hours per workweek.

47.     On information and belief, Defendants' unlawful conduct described herein is pursuant to a policy or practice of minimizing labor costs violating the FLSA.

48.     Defendants' failure to pay Plaintiff and other Private Loan Associates wages at the rate required by the FLSA was willful and was not in good faith.

49.     As a result of the unlawful acts of Defendants, Plaintiff and other Private Loan Associates have been deprived of minimum wages and overtime wages in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, interest, attorneys' fees and costs, as well as other benefits under applicable law.

## <u>COLLECTIVE ACTION ALLEGATIONS</u>

50.     Plaintiff brings this action on behalf of herself and all other similarly situated persons who were, or are, employed by Defendant Capital On Demand as a Private Loan Associate and were or will be paid less than the applicable federal minimum wage and/or who worked or will work in excess of 40 hours per week at

any time within three years prior to the filing of this Complaint to the present (hereinafter the "FLSA Collective").

51.    Most of the members of the FLSA Collective would not be likely to file individual suits because they lack knowledge of their claims, adequate financial resources, and/or access to attorneys.

52.    Plaintiff will fairly and adequately protect the interests of the members of the FLSA Collective and has retained counsel who is experienced and competent in the fields of wage and hour law and collective action litigation.

53.    Plaintiff and all members of the proposed FLSA Collective are similarly situated.  They were all employed in the same job position and were subject to substantially similar job requirements, pay provisions, and a common policy or practice that required or permitted them to perform work for the benefit and at the direction of Defendants without receiving proper wages.

54.    There are numerous similarly situated current and former Private Loan Associates who have been subject to the same policies and practices alleged herein, in violation of the FLSA, and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiably by Defendants' records.

55.     Plaintiff and members of the proposed FLSA Collective should be permitted to pursue their claims collectively, pursuant to 29 U.S.C. § 216(b).

56.     A collective action will be the most efficient mechanism for adjudicating the claims of Plaintiff and the members of the proposed FLSA Collective.

**COUNT I**
**WILLFUL FAILURE TO PAY MINIMUM WAGE**
**IN VIOLATION OF THE FLSA**
*Plaintiff on behalf of the FLSA Collective*

57.     Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

58.     Plaintiff and the FLSA Collective assert this count pursuant to 29 U.S.C. § 216(b).

59.     At all relevant times, Defendant Capital On Demand was an employer engaged in commerce and/or the production of goods for commerce pursuant to 29 U.S.C. §§ 203(b), 203(s)(1).

60.     At all relevant times, Defendants employed Plaintiff and the proposed FLSA Collective, and Plaintiff and the proposed FLSA Collective were Defendants' employees, pursuant to 29 U.S.C. §§ 203(e), 203(g).

61.     On information and belief, at all relevant times, Defendant Capital On Demand has had an annual gross volume of sales or business done in excess of $500,000.

62.     The FLSA requires covered employers like Defendants to pay employees like Plaintiff and the proposed FLSA Collective federal minimum wage for hours worked.  *See* 29 U.S.C. § 206(a).

63.     Plaintiff and the proposed FLSA Collective's employment do not fall under any of the exemptions to the minimum wage requirements of the FLSA.  *See* 29 U.S.C. § 213.

64.     At all relevant times, Defendants knew that Plaintiff and the proposed FLSA Collective were not paid federal minimum wage for their work, and willfully and intentionally engaged in a widespread policy or practice of failing and refusing to pay Plaintiff and the proposed FLSA Collective the federal minimum wage.  *See* 29 U.S.C. § 255.

65.     Defendants were familiar with the requirements of the FLSA. Defendants' violations were willful because they knew or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA.

66.     Defendants' willful failure and refusal to pay Plaintiff and the proposed FLSA collective the federal minimum wage for hours worked violates the FLSA. *See* 29 U.S.C. § 206.

67.     As a direct and proximate result of these unlawful practices, Plaintiff and the proposed FLSA Collective suffered and continue to suffer wage loss and are therefore entitled to recover unpaid minimum wages for up to three years prior to the filing of their claims, liquidated damages, pre-and post- judgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## COUNT II
## WILLFUL FAILURE TO PAY OVERTIME WAGES
## IN VIOLATION OF THE FLSA
*Plaintiff on behalf of the FLSA Collective*

68.     Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

69.     Plaintiff and the FLSA Collective assert this count pursuant to 29 U.S.C. § 216(b).

70.     At all relevant times, Defendant Capital On Demand was an employer engaged in commerce and/or the production of goods for commerce pursuant to 29 U.S.C. §§ 203(b), 203(s)(1).

71.    At all relevant times, Defendants employed Plaintiff and the proposed FLSA Collective, and Plaintiff and the proposed FLSA Collective were Defendants' employees, pursuant to 29 U.S.C. §§ 203(e), 203(g).

72.    On information and belief, at all relevant times, Defendant Capital On Demand has had an annual gross volume of sales or business done in excess of $500,000.

73.    The FLSA requires covered employers like Defendants to pay employees like Plaintiff and the proposed FLSA Collective at a rate of one-and-one-half their regular rate of pay for all hours worked in excess of 40 hours per week. *See* 29 U.S.C. § 207.

74.    Plaintiff and the proposed FLSA Collective's employment do not fall under any of the exemptions to the maximum hour requirements of the FLSA. *See* 29 U.S.C. § 213.

75.    Plaintiff and the proposed FLSA Collective worked more than 40 hours per week for Defendants.

76.    At all relevant times, Defendants did not properly compensate Plaintiff and the proposed FLSA Collective for all hours worked in excess of 40 in a workweek, as required by the FLSA.

77.    At all relevant times, Defendants knew that Plaintiff and the proposed FLSA Collective worked overtime without proper compensation, and willfully and intentionally engaged in a widespread policy or practice of failing and refusing to pay Plaintiff and the proposed FLSA Collective at a rate of one-and-one-half their regular rate of pay for all hours worked in excess of 40 hours per week.  *See* 29 U.S.C. § 255.

78.    Defendants were familiar with the requirements of the FLSA. Defendants' violations were willful because they knew or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA.

79.    Defendants' willful failure and refusal to pay Plaintiff and the proposed FLSA collective overtime pay violates the FLSA.  *See* 29 U.S.C. § 207.

80.    As a direct and proximate result of these unlawful practices, Plaintiff and the proposed FLSA Collective suffered and continue to suffer wage loss and are therefore entitled to recover overtime pay for up to three years prior to the filing of their claims, liquidated damages, pre-and post- judgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

**WHEREFORE,** Plaintiff and all members of the FLSSA Collective who join this action demand a TRIAL BY JURY and the following relief:

(a)     Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated persons employed by Defendant during the relevant time period, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b) and tolling of the statute of limitations;

(b)     A declaratory judgment that the Defendants' practices complained of herein are unlawful under the FLSA;

(c)     An award of unpaid wages for minimum wage and overtime pay violations due under the FLSA;

(d)     An award of liquidated damages;

(e)     An award of pre-and post- judgment interest;

(f)     An award of costs and expenses of this action, including reasonable attorneys' and expert fees; and

(g)     Such other relief as this Court deems just and proper.

Respectfully submitted, this 2nd day of May, 2022.

*s/ J. Stephen Mixon*

J. Stephen Mixon
Georgia Bar No. 514050
steve@mixon-law.com
THE MIXON LAW FIRM
1691 Phoenix Boulevard, Suite 150

Atlanta, Georgia 30349
Telephone: (770) 955-0100

Jackie Lee
Georgia Bar No. 419196
jackie@leelawga.com
LEE LAW FIRM, LLC
1100 Peachtree Street NE, Suite 250
Atlanta, Georgia 30309
Telephone: (404) 301-8973

**COUNSEL FOR PLAINTIFF**