# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| CIARA GRAHAM, <br> on behalf of themselves and all <br> those similarly-situated who consent <br> to representation, <br><br>     Plaintiff, <br><br> v. <br><br> CAPITAL ON DEMAND INC., <br> MARCUS TENNEY, and <br> REUNEKIEA WILLIAMS, <br><br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION NO. <br> 1:22-cv-01732-AT |

## CONSENT PROTECTIVE ORDER

This case involves proprietary business information and information about loans obtained and applied for by Defendant Capital on Demand's customers. Pursuant to Fed. R. Civ. P. Rule 26(c), and for good cause shown, the Court hereby issues this Consent Protective Order ("Order") with respect to the confidential and/or proprietary information that may be exchanged between Plaintiff Ciara Graham ("Plaintiff") and Defendants Capital on Demand, Inc., Marcus Tenney, and Reunekiea Williams ("Defendants") during the course of discovery in this action.

**IT IS HEREBY ORDERED** that the confidential and/or proprietary

information described in this Order, whether in the form of documents (electronic or otherwise) or testimony ("Discovery Material"), shall be protected and governed as follows:

1.      Any party may designate as "Confidential" any Discovery Material that is deemed in good faith by that party to embody, reflect, or disclose (a) "trade secrets," as defined by the Uniform Trade Secrets Act, or cases applying Georgia law or O.C.G.A. § 10-1-761(4), (b) documents or materials whose disclosure is prohibited by another court order or by contract, (c) documents relating to, or conveying information about any current or former employee of Defendant, not including Plaintiff, (d) financial or tax information, (e) personal health information protected by the Health Insurance Portability and Accountability Act, and (f) other business or commercial information of a confidential or proprietary nature.  Such information is not otherwise available to the public and good cause exists for entering this Order in order to protect the parties from possible annoyance or embarrassment related to the unnecessary disclosure of such "Confidential" information.  This Order is limited to documents and information exchanged between the parties during discovery and does not otherwise authorize the filing of such documents under seal, except as otherwise permitted in accordance with this Order and the Local Rules of this Court.  Documents produced in discovery claimed

2

by the party producing to be "Confidential" shall be stamped or otherwise designated as "CONFIDENTIAL."

2.      A party may designate any portion of any deposition testimony as "Confidential" (as defined above) at any time prior to a deposition, during a deposition, or after the close of the deposition, as next described.  Up to the time of trial, the party invoking the "Confidential" designation must identify those portions of the final transcript that will remain protected by designating as "Confidential" pages of the transcript in a letter to opposing counsel.

3.      After the production of any materials designated as "Confidential" by one party, any other party to this Order may serve a notice of objection, by letter, to such designation stating the reasons for such objection up to 15 prior to trial.  The parties shall make a good faith effort to confer verbally and to resolve any disagreement over any objection to a "Confidential" designation of documents or information.  Should the parties be unable to resolve the issue raised by the objection, the designating party may thereupon, by motion, seek a ruling from this Court with respect to the merits of the designation.  The burden of proving the appropriateness of the designation pursuant to this Order shall be upon the party designating the materials as "Confidential."

4.      Discovery Materials designated as "Confidential" may only be made

available to the following persons:

(a)   The parties, including any employees, agents, and representatives of the parties;

(b)   Counsel for the parties and employees and agents of counsel;

(c)   The court and court personnel, including any special master appointed by the court, and members of the jury;

(d)   Court reporters, recorders, and videographers engaged for depositions;

(e)   Any mediator appointed by the court or jointly selected by the parties;

(f)   Any expert witness, consultant, or persons or firms retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Exhibit A, Acknowledgment and Agreement to be Bound;

(g)   Any potential, anticipated, or actual fact witness and any counsel for the witness, but only to the extent the Confidential Discovery Material will assist the witness in

recalling, relating, or explaining facts or in testifying, and only after such persons have signed Exhibit A;

(h)     Any deponent (other than parties to this litigation) at the witness' deposition, provided that such witness has first read this Order and agreed to abide by the terms of the Order by signing Exhibit A.

(i)     The author or recipient of the document (not including a person who received the document in the course of the litigation);

(j)     Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(j)     Other persons only upon consent of the producing party and on such conditions as the parties may agree.

5.     Any person receiving Confidential Discovery Materials shall safeguard their confidentiality and shall not reveal or discuss such materials to or with any person or entity not entitled to disclosures herein provided.

6.     The parties acknowledge and agree that if documents or information

produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.  The producing party must preserve the information until the claim is resolved.  The parties further acknowledge and agree that production of privileged or work-product protected documents, electronically stored information, or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, electronically stored information, or other information for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

7.     The parties agree to redact certain identifying information contained in documents filed with the Court, such as Social Security numbers, and as required by

the Local Rules and Standing Orders of the United States District Court for the Northern District of Georgia.

8.      The parties acknowledge and agree that even though documents may be marked as "Confidential" for purposes of discovery, such designation does not prevent a party from submitting or filing any such materials with the Court as evidence in this matter.

9.      Any documents (including briefs), tangible things, or information designated as "Confidential" that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected "Confidential" status only by order of the Court.

10.     This Order does not, in itself, authorize the filing of any documents under seal.  Documents may be filed under seal only if authorized by statute, rule, or order of the Court.  A party seeking to file under seal any paper or other matter shall abide by the applicable Federal Rules of Civil Procedure, Local Rules, Standing Orders, court instructions to the parties and counsel, and any other orders entered in this matter with regard to the filing of materials under seal.

11.     By the entry of this Order, the parties shall not be deemed to have waived any objection available to them in response to any discovery request.

12.     This Order is without prejudice to the rights of any party to seek its

modification or amendment by further order of this Court. The parties have consented to the entry of this Order upon the express condition that they reserve the right to seek relief or supplemental order of this Court if the provisions of this Order would later result in undue burden or expense or would undermine counsels' ability to represent their clients in this case.

SO ORDERED, this_____ day of _____, 2022.

_____
HONORABLE AMY TOTENBERG
UNITED STATES DISTRICT JUDGE

Consented to by counsel:

**LEE LAW FIRM, LLC**

*/s/Jaclyn Lee_____*
Jaclyn Lee
Georgia Bar No. 419196
695 Pylant Street NE, Ste 105
Atlanta, GA 30306
Telephone: (404) 301-8973
jackie@leelawga.com

**THE MIXON LAW FIRM**

*/s/Stephen Mixon_____*
J. Stephen Mixon
Georgia Bar No. 514050
1691 Phoenix Boulevard, Ste 150
Atlanta, GA 30349
(770) 955-0100
steve@mixon-law.com

**THE EMPLOYMENT LAW SOLUTION**

*/s/ Halima Horton White_____*
Jamala S. McFadden
Georgia Bar. No. 490959
jmcfadden@theemploymentlawsolution.com
Halima Horton White
Georgia Bar No. 36788
The Employment Law Solution
800 Mt. Vernon Hwy, NE Suite 410
Atlanta, GA 30328
hwhite@theemploymentlawsolution.com
Telephone: (678) 424-1380
Facsimile: (404) 891-6840

*Counsel for Defendants Capital on Demand, Marcus Tenney, and Reunekiea Williams*

8

*Counsel for Plaintiff Ciara*
*Graham*

## EXHIBIT A

### Acknowledgment and Agreement to be Bound

I hereby state that I have read and received a copy of the Consent Protective Order (the "Order") in *Ciara Graham v. Capital on Demand, Marcus Tenney, and Reunekiea Williams*, Civil Action No. 1:22-cv-041732-AT, which case is pending in the United States District Court for the Northern District of Georgia (the "Court"). I understand the terms of the Order, agree to be bound by those terms, and consent to the jurisdiction of the Court with respect to enforcement of the Order.

_____
Signature

_____
Printed name

_____
Date